UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/06/2017

HERMAN ORTIZ,

    Plaintiff,

          v.

TODRES & COMPANY, LLP,

    Defendant.

15 CV 1506 (LGS)

**CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

LORNA G. SCHOFIELD, United States District Judge:

This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties [consent _____/ do not consent **X** ] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

2. The parties [have **X** / have not _____] conferred pursuant to Fed. R. Civ. P. 26(f).

3. This case is governed by one of the following sets of rules and the parties' proposed dates in this order have been adjusted accordingly.

    a. An employment case governed by the Initial Discovery Protocols for Employment cases? http://www.nysd.uscourts.gov/cases/show.php?db=judge_info&id=713. [Yes **X** / No _____]

    b. A § 1983 case governed by the Plan for Certain § 1983 Cases Against the City of New York? http://www.nysd.uscourts.gov/rules/1983%20Revised%20Plan%20and%20Exhibits.11.22.2013.pdf. [Yes _____/ No **X** ]

    d. A patent case subject to the Local Patent Rules? http://www.nysd.uscourts.gov/rules/Standing_Order_In_re_Local_Patent_Rules.pdf. [Yes _____/ No **X** ]

4. Alternative Dispute Resolution/Settlement

    a. Settlement discussions [have__/ have not_**X**_] taken place.

Revised July 31, 2014

    b.    Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:

        O**n or before September 5, 2017**, copies of email messages in counsel's possession will be exchanged.

    c.    Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator.  Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

        **N/A**

    d.    Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(b) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

        **N/A**

    e.    The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

5.    No additional parties may be joined after ~~**45 days after the defendant's submission of a responsive pleading or motion**~~ **October 24, 2017** without leave of Court.

6.    Amended pleadings may be filed without leave of Court until ~~**45 after the defendant's submission of a responsive pleading or motion**~~ **October 24, 2017**.

7.    Initial disclosures pursuant to the Initial Discovery Protocols for Employment Cases, Part 1(1) and 3(1), shall be completed no later than ~~**30 days following the defendant's submission of a responsive pleading or motion**~~ **October 9, 2017**.

8.    Fact Discovery

    a.    All fact discovery shall be completed no later than ~~**120 days after the defendant's submission of a responsive pleading or motion.**~~ **January 8, 2018**

    b.    Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by ~~**30 days after the defendant's submission of a responsive pleading or motion**~~ **October 9, 2017**.

    c.    Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by ~~**30 days after the**~~ **October 9, 2017**

2

        **defendant's submission of a responsive pleading or motion**.

    d.    Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by **November 24, 2017** ~~**75 days after the defendant's submission of a responsive pleading or motion**~~.

    e.    Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by **December 8, 2017** ~~**90 days after the defendant's submission of a responsive pleading or motion**~~.

    f.    <u>Any of the deadlines in paragraphs 8(b) through 8(e) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).</u>

9.    Expert Discovery [if applicable]

    a.    Anticipated types of experts, if any:

    Plaintiff may provide testimony of an expert on damages.

    b.    All expert discovery shall be completed no later than **February 22, 2018** ~~45 days from the date in paragraph 8(a)~~.

    c.    By ~~one month before the date in paragraph 8(a), i.e., the completion of all fact discovery~~ **December 8, 2017** the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(a).

10.    This case [is  **X**  / is not _____ ] to be tried to a jury.

11.    Counsel for the parties have conferred and their present best estimate of the length of trial is **3 days**.

12.    Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.

**None at this time**.

13. Status Letters and Conferences

a. By ~~60 days after the defendant's submission of a responsive pleading or motion,~~ November 8, 2017 the parties shall submit a status letter, as outlined in Individual Rule IV.A.2.

b. By ~~14 days after the date in paragraph 8(a), i.e., the completion of fact discovery,~~ January 21, 2018 all counsel must confer to discuss settlement and jointly advise the Court in writing whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above.

c. On March 17, 2018, at 10:30 a.m. ~~14 days after the date in paragraph 8(a), i.e., the completion of expert fact discovery, or such other date as may be ordered by the Court,~~ a case management conference shall be held. The conference will serve either as a pre-motion conference for any party seeking to file a summary judgment motion, or a scheduling conference for trial.

   i. A party wishing to file a summary judgment motion shall file a pre-motion letter, and any party wishing to oppose also shall file a letter at the times and in the form provided in the Court's Individual Rule III.A.1. The Court will set the briefing schedule at the conference. Court will set a firm trial date after a decision on any summary judgment motion.

   ii. If no pre-motion letters are timely filed, at the Case Management Conference, the Court will set dates for a final pre-trial order, other pre-trial submissions, a final pre-trial conference and trial. The trial date will be firm.

This Order may not be modified or the dates herein extended, except by further Order of this court for good cause shown. Any application to modify or extend the dates herein (except as provided in paragraph 8(f)) shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c) and 13(a)-(c) into the Court's calendar.

In accordance with the Amended Complaint filed on July 14, 2017, the Clerk of Court is directed to amend the caption to read Herman Ortiz v. Todres & Company, LLP, as it appears on page 1 of this Order, and to terminate all other parties from this case.

SO ORDERED.
Dated: September 6, 2017
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

Counsel for the Parties:

| | |
|---|---|
| Timothy J. McInnis<br>Richard F. Bernstein<br>McINNIS LAW<br>521 Fifth Ave., 17th Floor<br>New York, NY 10175<br>(212) 292-4573<br>tmcinnis@mcinnis-law.com<br>rbernstein@mcinnis-law.com<br>*Attorneys for plaintiff Herman Ortiz* | MORTON S. MINSLEY<br>Attorney at Law<br>101 Lafayette Street<br>10th Floor<br>New York, NY 10013<br>(212) 346-0849<br>Minsleylaw@me.com<br>*Attorneys for defendant Todres & Company, LLP* |