```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/30/18
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HERMAN ORTIZ,

                                    Plaintiff,

              -against-

TODRES & COMPANY, LLP,

                                    Defendant.
------------------------------------------------------------X

15 Civ. 1506 (LGS)

**OPINION AND ORDER**

LORNA G. SCHOFIELD, District Judge:

      Plaintiff Herman Ortiz brings this action under the retaliation provisions of the False Claims Act ("FCA"), 31 U.S.C. § 3730(h). Plaintiff alleges that he was fired by his former employer, Defendant Todres & Company, LLP ("Todres & Co."), for pursuing a *qui tam* action against it. Defendant asserts counterclaims for tortious interference with prospective economic advantage, malicious prosecution and prima facie tort. Plaintiff moves to dismiss the counterclaims in the Amended Answer ("Counterclaims") under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, Plaintiff's motion to dismiss is granted in part and denied in part.

I.    **BACKGROUND**

      The following facts are taken from the Counterclaims and assumed to be true for the purposes of this motion. *See Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d at 566 (2d Cir. 2016).

      Plaintiff worked for Todres & Co., a public accounting firm, from October 2009 to May 2013. Ortiz was a difficult employee. He repeatedly demanded salary increases, complained that he was not reimbursed for certain incidental costs, violated client confidences, and

performed work for his own clients without the permission or knowledge of his employer. Ortiz quit his job in May 2013 when he requested and was denied a salary increase.

In March 2015, Ortiz filed a *qui tam* complaint against Todres & Co., its managing partner, Michael Todres ("Todres") and Todres & Co.'s audit client, the New York College of Health Professions ("NYCHP"), alleging that the three had engaged in financial fraud, made false statements and material misrepresentations, and engaged in other misconduct in order to obtain federal education funds for NYCHP. The *qui tam* complaint also alleges that Ortiz confronted Todres about anomalies in NYCHP's financial statements in early 2013, and dissociated himself from work with NYCHP when Todres attempted to silence him. Ortiz knew these allegations were false and lacked any evidentiary basis, but made them anyway "for the sole purpose of causing harm, damage and injury to" his former employer. While investigating the allegations, the government served a Civil Investigative Demand ("CID") on Todres & Co. and NYCHP. NYCHP was forced to retain attorneys and respond to the CID, which caused NYCHP to fire Todres & Co. after a seven-year business relationship.

In March 2017, the government declined to intervene in the *qui tam* claims. In July 2017, Ortiz voluntarily dismissed the *qui tam* claims without prejudice. Ortiz now alleges only that he was wrongfully terminated by Todres & Co. in retaliation for making allegations of misconduct concerning the NYCHP audit.

Todres & Co. asserts three counterclaims against Ortiz: tortious interference with prospective economic advantage, malicious prosecution and prima facie tort. Ortiz moves to dismiss these counterclaims.

## II. STANDARD

"A motion to dismiss a counterclaim is evaluated under the same standard as a motion to dismiss a claim in a complaint." *Dentsply Int'l Inc. v. Dental Brands for Less LLC*, No. 15 Civ. 8775, 2016 WL 6310777, at *2 (S.D.N.Y. Oct. 27, 2016) (citing *Keep on Kicking Music, Ltd. v. Hibbert*, No. 15 Civ. 7464, 2016 WL 4386047, at *2 (S.D.N.Y. Aug. 17, 2016)). On a motion to dismiss, a court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party, *Trs. of Upstate N.Y. Eng'rs Pension Fund*, 843 F.3d at 566, but gives "no effect to legal conclusions couched as factual allegations," *Stadnick v. Vivint Solar, Inc.*, 861 F.3d 31, 35 (2d Cir. 2017). To withstand a motion to dismiss, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

In deciding a Rule 12(b)(6) motion, the court is limited to reviewing the relevant pleading, any documents attached to that pleading or incorporated in it by reference, any documents heavily relied upon by the pleading as to their "terms and effect" and which are therefore integral to the plaintiff's allegations even if not explicitly incorporated by reference, and facts of which the court may take judicial notice. *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016).

## III. DISCUSSION

Ortiz's motion to dismiss is denied as to Todres & Co.'s counterclaim for tortious interference with prospective economic advantage and granted as to the company's counterclaims for malicious prosecution and prima facie tort.

A.      **Absolute Immunity**

As an initial matter, Ortiz asserts that all the counterclaims "are barred by the absolute privilege for statements made in the course of a judicial proceeding." New York law provides "absolute immunity from liability for defamation." *Front, Inc. v. Khalil*, 28 N.E.3d 15, 18 (N.Y. 2015). Ortiz's argument is rejected because the injury Todres & Co. asserts is not in the nature of damage to reputation and thus is not defamatory. "[U]nlike most torts, defamation is defined in terms of the injury, damage to reputation, and not in terms of the manner in which the injury is accomplished." *Morrison v. Nat'l Broad. Co.*, 227 N.E.2d 572, 574 (N.Y. 1967); *see also McKenzie v. Dow Jones & Co.*, 355 F. App'x 533, 536 (2d Cir. 2009) (summary order). The injury alleged in the Counterclaims is that Todres & Co.'s client NYCHP ended its relationship with the company, causing lost revenue, due to the burden of having to respond to a CID issued by the U.S. Attorney's Office. The Counterclaims do not allege damage to Todres & Co.'s reputation before NYCHP or the general public. Thus, the asserted injury is not defamatory, and the absolute privilege does not apply.

B.      **Tortious Interference with Prospective Economic Advantage**

The first counterclaim alleges that Ortiz committed the tort of intentionally interfering with prospective economic advantage by filing a *qui tam* action based on lies for the sole purpose of harming Todres and Todres & Co. This counterclaim survives Ortiz's motion to dismiss.

Under New York law, "[t]o prevail on a claim for tortious interference with business relations," which is "also known as tortious interference with prospective economic advantage," a plaintiff "must show that (1) the plaintiff had business relations with a third party; (2) the defendant interfered with those business relations; (3) the defendant acted for a wrongful purpose or used dishonest, unfair, or improper means; and (4) the defendant's acts injured the

relationship." *16 Casa Duse, LLC v. Merkin*, 791 F.3d 247, 261 (2d Cir. 2015) (internal quotations marks omitted) (applying New York law). "[T]he 'wrongful means' element sets a high bar." *Id.* at 262. It requires a plaintiff to show "that 'the defendant's conduct . . . amount[ed] to a crime or an independent tort'" or that the "defendant engage[d] in conduct for the sole purpose of inflicting intentional harm on plaintiffs." *Id.* (first and second alteration in original) (quoting *Carvel Corp. v. Noonan*, 818 N.E.2d 1100, 1103 (N.Y. 2004)).

The first, second and fourth elements of this cause of action are easily satisfied. The Counterclaims allege that Todres & Co. audited NYCHP's financial statements, that Ortiz interfered with this business relationship by filing a malicious *qui tam* action against the two entities, and that this action resulted in a burdensome government investigation that caused NYCHP to drop Todres & Co. as NYCHP's auditor, ending the relationship between the two.

The third element, "wrongful means," is likewise satisfied. The Counterclaims plausibly allege that Ortiz initiated his lawsuit "for the sole purpose of causing harm, damage and injury to Todres and [Todres & Co.]" *See 16 Casa Duse*, 791 F.3d at 262. According to the Counterclaims, Ortiz filed his lawsuit two years after leaving Todres & Co. without making any demands on the company and standing to gain nothing financially. As alleged, Ortiz knew that his lawsuit had no basis in fact or evidence. One can thus infer that he did not sue for the public good, nor could he have reasonably expected to receive a whistleblower award or any other payout for initiating this action. The Counterclaims thus state a claim for tortious interference with prospective economic advantage.

### C.      Malicious Prosecution

The counterclaim for malicious prosecution is dismissed because it fails to plausibly allege that Ortiz's *qui tam* suit terminated in Todres & Co.'s favor. "The elements of the tort of

5

malicious prosecution of a civil action are (1) prosecution of a civil action against the plaintiff, (2) by or at the instance of the defendant, (3) without probable cause, (4) with malice, (5) which terminated in favor of the [claimant], and (6) causing special injury[.]" *347 Cent. Park Assocs., LLC v. Pine Top Assocs., LLC*, 41 N.Y.S.3d 99, 100 (2d Dep't 2016).

Under New York law, favorable termination requires a favorable disposition "on the merits of [the] suit on which [the] malicious prosecution claim is based." *Camilli v. Grimes*, 436 F.3d 120, 124 (2d Cir. 2006) (citing *O'Brien v. Alexander*, 101 F.3d 1479, 1484 (2d Cir. 1996) (analyzing New York case law)). *See also Hudson Valley Marine, Inc. v. Town of Cortlandt*, 912 N.Y.S.2d 623, 626 (2d Dep't 2010) ("The favorable termination element must be established by evidence that the court passed on the merits of the charge or claim under such circumstances as to show nonliability, or evidence that the action was abandoned under circumstances which fairly imply the plaintiff's innocence.") (internal quotation marks omitted). A *qui tam* action does not terminate in defendant's favor when the government declines to intervene. Under the statute, "the person who initiated the action shall have the right to conduct the action," and the court "may . . . permit the Government to intervene at a later date upon a showing of good cause." 31 U.S.C. § 3730(c)(3). *Cf. Russell v. Journal News*, 672 F. App'x. 76, 78 (2d Cir. 2016) (summary order) (affirming dismissal of malicious prosecution claim because dismissal of criminal charges without prejudice based on facial insufficiency does not constitute favorable termination). A claim likewise does not terminate in defendant's favor when Plaintiff dismisses it without prejudice. *See, e.g.*, *Camilli*, 436 F.3d at 124-25 (acknowledging that dismissal without prejudice may preclude defendant from bringing a malicious prosecution action).[1]

---

[1] The Counterclaims also fail to allege special injury, which in this context requires that the defendant "abide some concrete harm that is considerably more cumbersome than the physical,

6

### D. Prima Facie Tort

The counterclaim for prima facie tort also is dismissed because it is "predicated primarily on the allegedly malicious instigation by plaintiff of a lawsuit against defendant. This is not a proper basis for a prima facie tort claim." *Arias-Zeballos v. Tan*, No. 06 Civ. 1268, 2006 WL 3075528, at *13 (S.D.N.Y. Oct. 26, 2006). *See Curiano v. Suozzi,* 69 N.E.2d 1324, 1327 (N.Y. 1984) ("New York courts have consistently refused to allow retaliatory lawsuits based on prima facie tort predicated on the malicious institution of a prior civil action."); *id.* at 1328 ("To permit [the] action to continue under these circumstances would create a situation where litigation could conceivably continue *ad infinitum* with each party claiming that the opponent's previous action was malicious and meritless.").

### E. Attorneys' Fees

Ortiz moves to bar Todres & Co. from seeking legal fees in this action. The motion is denied as premature without prejudice to renewal at the conclusion of the action.

## IV. CONCLUSION

For the foregoing reasons, Ortiz's motion to dismiss the Counterclaims is GRANTED in part and DENIED in part. The Second and Third Counterclaims for malicious prosecution and prima facie tort are DISMISSED. The Counterclaim for tortious interference with prospective economic advantage remains.

---

psychological or financial demands of defending a lawsuit." *Engel v. CBS, Inc.*, 711 N.E.2d 626, 631 (N.Y. 1999). As the New York Court of Appeals reasoned, "[e]ven though we can foresee specific, verifiable loss of business providing the necessary grievance, the loss of one client along with vague allegations of reputational loss, given [defendant's] established practice, are not sufficient. Moreover, there has been no allegation that the consequences, in terms of lost business, have marred, in any specific and meaningful way, [defendant's] financial opportunities." *Id.* at 632.

The Clerk of Court is respectfully directed to close the motion at Docket No. 51.

Dated: March 30, 2018
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**